

**BC**



RECEIVED
EE
8/1/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

SHARON MITCHELL,

Plaintiff,

v.

CITY OF PLANO, ILLINOIS;
OFFICER REYES, in his individual capacity; and
OFFICER KURT GRIFFING, in his individual capacity,
Defendants.

Case No. _____

<span style="color:red">1:26-cv-09224
Judge April M. Perry
Magistrate Judge Laura K. McNally
RANDOM / Cat. 3</span>

## COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND OTHER APPROPRIATE RELIEF

Plaintiff Sharon Mitchell, proceeding pro se, alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action brought pursuant to **42 U.S.C. § 1983** and the Fourth and Fourteenth Amendments to the United States Constitution, together with related Illinois state-law claims over which this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Plaintiff alleges that Defendants unlawfully caused the seizure and towing of Plaintiff's disabled vehicle without lawful justification, initiated enforcement proceedings that were ultimately resolved in Plaintiff's favor, and engaged in conduct that violated Plaintiff's constitutional and statutory rights.

3. Plaintiff further alleges that Defendants' conduct caused financial loss, emotional distress, lost time, and other damages.

4. Plaintiff seeks compensatory damages, punitive damages against the individual defendants where permitted by law, declaratory relief, costs, any attorney's fees authorized by statute if counsel is later retained, and any additional relief the Court deems just and proper.

## II. NATURE OF THE ACTION

5. Plaintiff brings this action to vindicate rights secured by the Constitution and laws of the United States.

6. Plaintiff alleges that Defendants acted under color of state law while performing official duties.

7. Plaintiff further alleges that the conduct described in this Complaint resulted in an unreasonable seizure of Plaintiff's property and other injuries for which relief is available under federal and Illinois law.

## III. JURISDICTION AND VENUE

8. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, the Fourth Amendment, and the Fourteenth Amendment to the United States Constitution.

9. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) and (4) (civil rights jurisdiction).

10. Plaintiff also asserts related claims arising under the laws of the State of Illinois. This Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a) because they arise from the same nucleus of operative facts as Plaintiff's federal claims.

11. Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Kendall County, Illinois, which is within the Northern District of Illinois, and one or more Defendants reside or perform their official duties within this District.

12. At all times relevant to this Complaint, each Defendant acted under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois and the City of Plano.

13. At all relevant times, the individual Defendants were acting within the scope of their employment as law enforcement officers. Plaintiff alleges that they are liable in their individual capacities for their own conduct.

## IV. PARTIES

14. Plaintiff Sharon Mitchell is a resident of Illinois and owned the motor vehicle at issue.

15. Defendant City of Plano, Illinois is an Illinois municipal corporation organized under the laws of the State of Illinois. At all relevant times, the City of Plano operated the Plano Police Department and employed sworn police officers, including the individual defendants named in this Complaint.

16. At all relevant times, Defendant City of Plano acted under color of state law through its officers, employees, agents, and policymakers.

17. Defendant Officer Reyes was a sworn police officer employed by the City of Plano Police Department and acting under color of state law. Plaintiff sues Officer Reyes in his individual capacity for actions taken under color of state law.

18. Defendant Officer Kurt Griffing was,at all relevant times, a sworn police officer employed by the City of Plano Police Department and acting under color of state law. Plaintiff sues Officer Griffing in his individual capacity for actions taken under color of state law.

19. At all times relevant to this Complaint, each Defendant acted individually and, where applicable, in concert with the other Defendants. Whenever this Complaint refers to acts of a Defendant, it includes the acts of that Defendant's officers, employees, or agents acting within the scope of their authority, where supported by the facts.

## V. STATEMENT OF FACTS

### A. October 27, 2025 Traffic Stop and Tow

20. On or about October 27, 2025, Plaintiff was operating her motor vehicle within the City of Plano, Kendall County, Illinois when the vehicle unexpectedly suffered a mechanical failure and became disabled.

21. The vehicle had been disabled for no more than approximately ten (10) minutes before Defendant Officer Reyes arrived at the scene.

22. Immediately after the vehicle became disabled, Plaintiff activated the vehicle's hazard warning lights to alert approaching traffic.

23. The vehicle came to rest near a left-turn lane on a three-lane roadway. Although disabled, Plaintiff alleges that the vehicle did not pose an immediate danger to the public or create an emergency requiring immediate impoundment.

24. Less than 10 seconds after the vehicle became disabled, Plaintiff contacted a private towing company to arrange for removal of the vehicle.

25. Before Officer Reyes arrived, Plaintiff also informed the 911 dispatcher that a tow truck had already been requested and was on its way. (Exhibit C) The dispatcher acknowledged this information and responded, "OK," or words to that effect.

26. When Officer Reyes arrived, Plaintiff again informed him that the vehicle had suffered a mechanical failure and that a private tow truck had already been dispatched.

27. Plaintiff was unable to safely move the vehicle because of its mechanical condition.

28. Plaintiff remained in contact with the 911 dispatcher regarding the disabled vehicle, was not away from the vehicle for longer than approximately five minutes, and did not abandon the vehicle.

29. Despite knowing that Plaintiff had already arranged for the prompt removal of the vehicle, Officer Reyes directed that Plaintiff's vehicle be towed by another towing company rather than allowing Plaintiff's previously requested tow service to remove the vehicle. (Exhibit D)

30. Acting pursuant to Officer Reyes' direction, Plaintiff's vehicle was removed from the scene.

31. Plaintiff alleges that Officer Reyes neither identified an immediate public safety emergency nor provided Plaintiff with a reasonable opportunity to complete the private towing arrangements already in progress before ordering the seizure of the vehicle.

32. Officer Reyes knew that Plaintiff's vehicle had been disabled only briefly, that the hazard lights were operating, that Plaintiff had already arranged for a private towing service before his arrival, that Plaintiff informed both the 911 dispatcher and Officer Reyes of those arrangements, and that, despite this knowledge, Officer Reyes nevertheless ordered the vehicle to be towed without allowing Plaintiff's requested towing service to remove it.

33. As a direct and proximate result of the seizure and tow, Plaintiff incurred towing and storage charges, including approximately $195.20 (Exhibit E — Tow receipt) paid to recover possession of the vehicle, together with additional expenses associated with diagnosing and repairing the mechanical failure.

34. Plaintiff subsequently obtained Officer Reyes' report and discovered that it does not state that Plaintiff had contacted a private towing company before speaking with Officer Reyes or dispatch, despite Plaintiff having done so. (Exhibit F)

35. Plaintiff alleges that these documentary inconsistencies are corroborated by the attached exhibits and are not based solely upon Plaintiff's recollection of events.

## B. Citation and Administrative Proceedings

36. Following the incident, Plaintiff received a citation alleging a violation of Plano City Ordinance 11-1303. (Exhibit A)

37. Plaintiff denied violating the ordinance and contested the citation.

38. Plaintiff appeared for the scheduled hearing and presented evidence regarding the circumstances of the vehicle's mechanical failure.

39. After considering the evidence, the hearing officer entered a written decision finding "Respondent Appeared," "Finding of Facts in Favor of Respondent," and "Code Not Violated". (Exhibit B).

40. The hearing officer entered judgment in Plaintiff's favor and found that the municipal code had not been violated.

41. Officer Griffing's Call For Service Detail Report CFS 338 does not state that he personally visited Plaintiff's residence or that he issued Plaintiff a written warning citation. Plaintiff alleges these omissions rendered the report incomplete and misleading. (Exhibit H)

## C. Resulting Harm

42. As a direct and proximate result of Defendants' conduct, Plaintiff suffered financial losses, including towing charges, vehicle-related expenses, and other out-of-pocket costs.

43. Plaintiff also lost time from work and other obligations in order to contest the citation and recover the vehicle.

44. Plaintiff alleges that Defendants' conduct caused emotional distress, anxiety, humiliation, inconvenience, and other non-economic damages.

45. Plaintiff continues to experience damages resulting from the events described in this Complaint.

## D. November 16, 2025 Warning Citation and Subsequent Discovery

46. On or about November 16, 2025, Defendant Officer Kurt Griffing, while acting under color of state law as a police officer employed by the City of Plano, issued Plaintiff a written warning, on her vehicle, alleging that a vehicle was blocking the sidewalk. (Exhibit F)

47. The warning citation identified Plaintiff and listed vehicle information corresponding to Plaintiff's previously-owned black Mercedes-Benz, the same vehicle that had been involved in the October 27, 2025 towing incident involving Defendant Officer Reyes.

48. Plaintiff subsequently discovered that the vehicle actually involved in the November 16, 2025 incident was not the black Mercedes identified on the warning citation. Instead, the vehicle parked at 3115 Hoffman Street was a white Nissan Rogue. (Exhibit H)

49. Plaintiff further discovered that Officer Griffing prepared an incident report concerning the November 16, 2025 event. That report did not

disclose that Officer Griffing personally came to Plaintiff's residence or that he issued Plaintiff a written warning citation. (Exhibits H - J)

50. Instead, the incident report identified the white Nissan Rogue located at 3115 Hoffman Street and contained identifying information relating to another individual associated with that vehicle.

51. Plaintiff resides approximately seven houses away at 3105 Hoffman Street.

52. The warning citation issued to Plaintiff nevertheless listed Plaintiff's personal identifying information together with information taken from Defendant Officer Reyes' earlier report involving Plaintiff's black Mercedes-Benz, despite the fact that the black Mercedes was not the vehicle involved in the November 16, 2025 incident. (Exhibits C and D)

53. Plaintiff owned both the black Mercedes-Benz and a white Mercedes-Benz. Plaintiff had previously transferred the license plates from the black Mercedes to the white Mercedes after replacing the vehicle. Neither Mercedes, however, was the vehicle identified in Officer Griffing's incident report concerning the November 16, 2025 complaint.

54. Plaintiff alleges that Officer Griffing improperly associated Plaintiff with an unrelated incident by copying identifying information from Officer Reyes' prior report rather than documenting the actual vehicle and individuals involved.

55. Plaintiff further alleges that Officer Griffing omitted material facts from his official report by failing to disclose that he personally visited Plaintiff's residence and issued Plaintiff a warning citation placing it on her vehicle's windshield.

56. These omissions and inconsistencies support a reasonable inference that the warning citation was not the product of an innocent clerical mistake but was instead intentionally directed toward Plaintiff.

**COUNT I**
42 U.S.C. § 1983
Fourth Amendment
Unreasonable Seizure of Property
(Against Defendant Officer Reyes)

57. Plaintiff incorporates by reference Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58. At all relevant times, Defendant Officer Reyes was acting under color of the laws, customs, and authority of the State of Illinois and the City of Plano.

59. The Fourth Amendment to the United States Constitution protects individuals against unreasonable searches and seizures of their persons and property.

60. Plaintiff's motor vehicle constituted property protected by the Fourth Amendment.

61. Plaintiff alleges there was no emergency requiring immediate impoundment because a private tow truck had already been dispatched and Plaintiff informed Officer Reyes of those arrangements.

62. Officer Reyes caused or authorized the seizure of Plaintiff's vehicle by directing that it be towed from the scene.

63. Plaintiff alleges that less intrusive alternatives were readily available because a privately retained tow truck had already been dispatched before Officer Reyes arrived and Plaintiff was willing to have the vehicle immediately removed.

64. Plaintiff was ready, willing, and able to surrender the vehicle to the privately retained towing company immediately upon its arrival.

65. Plaintiff alleges the seizure was objectively unreasonable because the vehicle had been disabled for only a short time, its hazard lights were activated, Plaintiff had already requested a private tow before Officer Reyes arrived, Plaintiff informed both the 911 dispatcher and Officer Reyes that a tow truck was already en route, and Officer Reyes nevertheless ordered the vehicle to be towed without permitting Plaintiff's requested towing service to remove it.

66. As a direct and proximate result of the seizure, Plaintiff was deprived of the possession and use of her vehicle.

67. Plaintiff incurred towing charges, vehicle-related expenses, lost wages or lost time, and other financial losses.

68. Plaintiff also suffered inconvenience, emotional distress, anxiety, and other compensable damages.

69. Officer Reyes' actions were a direct and proximate cause of Plaintiff's injuries.

70. As a result, Plaintiff is entitled to recover compensatory damages under 42 U.S.C. § 1983.

71. Plaintiff further seeks punitive damages against Officer Reyes in his individual capacity to the extent permitted by law and upon proof that his conduct satisfied the applicable legal standard.

**WHEREFORE** Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant Officer Reyes and award:

A. Compensatory damages in an amount to be determined at trial;

B. Punitive damages against Officer Reyes as permitted by law;

C. Costs of suit;

D. Any attorney's fees authorized by law should counsel later appear on Plaintiff's behalf;

E. Pre-judgment and post-judgment interest as allowed by law; and

F. Such other and further relief as the Court deems just and proper.

**COUNT II**
Illinois Malicious Prosecution
(Supplemental Jurisdiction – 28 U.S.C. § 1367)

72. Plaintiff incorporates by reference Paragraphs 1 through 56 of this Complaint as though fully set forth herein.
73. Plaintiff brings this claim under the laws of the State of Illinois. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367 because it arises from the same nucleus of operative facts as Plaintiff's federal claims.
74. Defendant Officer Reyes initiated or caused the initiation of enforcement proceedings against Plaintiff by the issuance of a citation alleging a violation of Plano City Ordinance 11-1303.(Exhibit A)
75. Plaintiff alleges that the enforcement proceeding lacked probable cause because Plaintiff's vehicle had become mechanically disabled and Plaintiff had not violated the cited ordinance.
76. Plaintiff further alleges that Defendant Officer Reyes acted knowingly, recklessly, or with malice by initiating or continuing the enforcement proceeding despite the facts known to him at the time.
77. The plaintiff appeared and defended against the citation at the administrative hearing.
78. "Probable cause did not exist because Plaintiff's vehicle was disabled due to mechanical failure, which is not a violation of Ordinance 11-1303."
79. The hearing officer entered a written decision (Exhibit B) reflecting:

a. "Respondent appeared";

b. "Finding of facts in favor of respondent"; and

c. "Code not violated."

80. The administrative hearing concluded with written findings stating "Respondent Appeared," "Finding of Facts in Favor of Respondent," and "Code Not Violated." Plaintiff alleges that this constitutes a favorable termination of the enforcement proceeding. (Exhibit B)

81. As a direct and proximate result of the enforcement proceeding, Plaintiff suffered damages including, but not limited to:

a. towing expenses;(Exhibit E)

b. lost wages and lost time;

c. litigation and hearing-related expenses;

d. emotional distress, anxiety, humiliation, and inconvenience; and

e. other economic and non-economic damages to be proven at trial.

82. Plaintiff requests judgment against the responsible Defendant(s) for compensatory damages and such other relief as the Court deems just and proper.

**WHEREFORE** Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against the Defendant(s) found liable on this Count and that the Court award:

A. Compensatory damages according to proof;

B. Costs of suit;

C. Prejudgment and post-judgment interest as permitted by law; and

D. Such other and further relief as the Court deems just and proper.

**COUNT III**
42 U.S.C. § 1983
First Amendment Retaliation
(Against Defendant Officer Kurt Griffing and Officer Reyes)

83. Plaintiff incorporates by reference Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

84. Plaintiff alleges that Defendants' actions would likely deter a person of ordinary firmness from continuing to exercise her First Amendment rights, including filing lawsuits challenging police misconduct.

85. Plaintiff previously filed federal civil rights lawsuits against members of the Plano Police Department. Those lawsuits constituted protected activity under the First Amendment.

86. Upon information and belief, Defendants Reyes and Griffing were aware of Plaintiff's prior litigation because it involved officers employed by the same department and was known within the department. Following Plaintiff's protected activity, Plaintiff was subjected to repeated enforcement actions.

87. The close sequence of events, Defendants' knowledge of Plaintiff's prior federal litigation against officers of the Plano Police Department, the issuance of multiple enforcement actions against Plaintiff after that protected activity, and the inaccurate information contained in the November 16, 2025 warning citation (Exhibit F) support a reasonable inference that Plaintiff's protected activity was a motivating factor in Defendants' actions.

88. Following Plaintiff's protected activity, Officer Reyes ordered the tow and issued the ordinance citation.

89. The ordinance citation was later resolved in Plaintiff's favor when the hearing officer found "Respondent appeared," "Finding of facts in favor of respondent," and "Code not violated (Exhibit B)."

90. On or about November 16, 2025, Officer Griffing issued Plaintiff a warning citation alleging that a vehicle blocked the sidewalk (Exhibit F)

91. The warning citation contained incorrect information about the vehicle and owner.

92. Subsequently, Plaintiff became aware that the vehicle he received the call on belonged to a white woman residing 5 houses down from Plaintiff whose vehicle is usually, parked on the sidewalk, as stated in the report(Exhibits H - J)

93. Discovery conducted after the filing of Plaintiff's administrative proceedings revealed additional inconsistencies between Officer Griffing's warning citation and his official incident report. (Exhibits F and H - J)  Specifically, Officer Griffing's report failed to disclose that he had issued Plaintiff a warning citation or that he had gone to Plaintiff's residence. The report instead documented a white Nissan Rogue located at 3115 Hoffman Street and identified information relating to another individual, while the warning citation issued to Plaintiff used identifying information associated with Plaintiff's previously-towed black Mercedes-Benz from Officer Reyes' earlier incident. Plaintiff alleges that these inconsistencies demonstrate that Officer Griffing intentionally associated Plaintiff with an incident involving another individual.

94. Plaintiff alleges that these facts, when considered together with Plaintiff's prior federal civil rights litigation against members of the Plano Police Department, support a reasonable inference that Defendants intentionally singled Plaintiff out for adverse treatment because of her protected First Amendment activity.

95. Plaintiff states this warning was not an isolated clerical mistake but part of a pattern of retaliatory enforcement motivated by Plaintiff's prior litigation.

96. Plaintiff states that the warning citation contained incorrect identifying information, including an incorrect vehicle description and/or owner information.

97. Plaintiff further alleges that Officer Griffing referenced the same vehicle identified in Officer Reyes' earlier citation, even though that vehicle was not the vehicle allegedly blocking the sidewalk.

98. Plaintiff alleges that discovery is expected to reveal whether race, retaliation, or both motivated Defendant's conduct

99. Plaintiff alleges that despite documenting information concerning that individual and that individual's vehicle, Officer Griffing nevertheless issued Plaintiff the warning citation using Plaintiff's identifying information taken from an unrelated prior police report. Plaintiff alleges that the presently available facts support a reasonable inference of retaliation and/or selective enforcement, and Plaintiff expects discovery to reveal additional evidence regarding Defendants' motives.

100. Subsequently, Plaintiff subsequently discovered that the vehicle which Officer Griffing was dispatched to was a 2016 Nissan. (Exhibit G)

101. Plaintiff previously filed federal civil rights lawsuits against members of the Plano Police Department. Following those lawsuits, Officer Reyes ordered Plaintiff's vehicle to be towed and issued a municipal citation. Approximately three weeks later, Officer Griffing issued Plaintiff a warning citation containing information copied from Officer Reyes' earlier report despite the fact that a different vehicle and different individual were involved.

102. Plaintiff suffered damages as a result.

103. Defendants' retaliatory conduct did not consist solely of issuing a warning citation. Plaintiff alleges that Officer Griffing knowingly or recklessly prepared inaccurate official records by using identifying information associated with Plaintiff's previously towed black Mercedes-Benz while investigating a different vehicle at a different location. Plaintiff further alleges that Officer Griffing omitted from his

incident report the fact that he personally contacted Plaintiff and issued the warning citation.

104. Plaintiff alleges that these inaccuracies and omissions were not accidental clerical errors but were part of a continuing course of retaliatory conduct directed toward Plaintiff after Plaintiff exercised her constitutional right to file prior federal civil rights lawsuits against members of the Plano Police Department.

105. The temporal proximity between Plaintiff's protected activity, the October 27, 2025 seizure and citation, the subsequent warning citation, the inaccuracies contained in the warning, and the omissions contained in Officer Griffing's report support a reasonable inference that Plaintiff's protected activity was a motivating factor in Defendants' conduct

**WHEREFORE** Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants Officer Reyes and Officer Griffing and award:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages against Officer Reyes and Kurt Griffing as permitted by law;

c. Costs of suit;

d. Any attorney's fees authorized by law should counsel later appear on Plaintiff's behalf;

e. Pre-judgment and post-judgment interest as allowed by law; and

f. Such other and further relief as the Court deems just and proper.

**COUNT IV**
RESPONDEAT SUPERIOR
(Supplemental Jurisdiction – 28 U.S.C. § 1367)

106. Plaintiff incorporates by reference Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

107. Defendant City of Plano employed Officer Griffing and Officer Reyes at all relevant times.

108. At all relevant times, the Defendants were acting within the scope of their employment.

109. Defendant City of Plano is named solely because it may be liable under Illinois law for torts committed by its employees acting within the scope of their employment under the doctrine of respondeat superior.

110. To the extent Plaintiff prevails on her Illinois tort claims, Defendant City of Plano is liable under the doctrine of respondeat superior for tortious conduct committed by its employees while acting within the scope of their employment.

111. Defendant City of Plano is named in this Count solely with respect to Plaintiff's Illinois state-law claims. Plaintiff does not seek to impose municipal liability under 42 U.S.C. §1983 through the doctrine of respondeat superior.

112. City of Plano is vicariously liable under Illinois law for any torts committed by its employees acting within the scope of employment

**WHEREFORE** Plaintiff prays that this Court enter judgment in Plaintiff's favor and against Defendants as follows:

a. Compensatory damages in a fair and reasonable amount.

b. Plaintiff seeks prospective alternative relief to prevent future retaliation because Plaintiff continues to reside within the City of Plano and reasonably expects future interactions with Plano police officers while engaging in ordinary activities.

c. Plaintiff regularly drives within the City of Plano and reasonably expects future encounters with Plano police officers during ordinary travel, creating a realistic possibility of future interactions with Plano police officers.

d. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered economic damages, emotional distress, inconvenience, loss of use of her vehicle, litigation expenses, lost time, and other damages in an amount to be determined by the jury.

e. For such other and further relief as the Court deems just and proper.

**COUNT V**
42 U.S.C. § 1983
Fourteenth Amendment – Equal Protection
Selective Enforcement / Race Discrimination
(Against Officer Kurt Griffing)

113. Plaintiff incorporates by reference Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

114. The plaintiff is African American. The individual identified in Officer Griffing's incident report is white. Plaintiff alleges that Officer Griffing investigated the white individual's vehicle but issued a warning to Plaintiff using identifying information copied from an unrelated prior police report involving Plaintiff.

115. Plaintiff alleges she was intentionally treated differently than the individual identified in Officer Griffing's report. Discovery is expected to reveal whether race, retaliation for Plaintiff's prior lawsuits, or both motivated Defendant's conduct.

116. Plaintiff alleges that Officer Griffing intentionally treated Plaintiff differently from a similarly situated white individual.

117. The vehicle allegedly involved in the parking violation was a white Nissan Rogue owned by a white individual.

118. Rather than accurately documenting the vehicle involved, Officer Griffing prepared a warning citation and official records containing identifying information associated with Plaintiff's vehicle, despite knowing that Plaintiff's vehicle was different from the vehicle present. In addition, the vehicle on the citation was not the vehicle in the driveway it was the vehicles information from the incident with Officer Reyes,

119. Officer Griffing further omitted from his official report that he personally issued the warning citation.

120. Plaintiff is African American. Officer Griffing's incident report identifies the individual associated with the vehicle involved in the reported parking complaint as white. Plaintiff alleges that Officer Griffing nevertheless issued Plaintiff a warning using identifying information taken from an unrelated prior police report involving Plaintiff.

121. Officer Griffing intentionally treated Plaintiff differently from another similarly situated individual without a rational basis and because of Plaintiff's race and/or other impermissible considerations, the precise basis to be determined through discovery.

122. As a direct and proximate result, Plaintiff suffered emotional distress, humiliation, reputational harm, inconvenience, and other damages.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Sharon Mitchell respectfully requests that this Court enter judgment in her favor and against Defendants and award the following relief:

a. A declaration that Defendants violated Plaintiff's constitutional rights to the extent declaratory relief is appropriate.

b. Award compensatory damages according to proof, including but not limited to:

- towing and storage charges;
- vehicle recovery expenses;

- vehicle repair and diagnostic expenses;
- lost wages and lost time;
- litigation expenses;
- emotional distress;
- anxiety;
- humiliation;
- inconvenience;
- all other damages recoverable under federal and Illinois law.

c. Award punitive damages against the individual Defendants, Officer Reyes and Officer Kurt Griffing, in their individual capacities, to the extent permitted by law and supported by the evidence.

d. Award reasonable attorney's fees pursuant to 42 U.S.C. § 1988 if Plaintiff later retains counsel or otherwise becomes entitled to such an award.

e. Award pre-judgment and post-judgment interest as permitted by law.

f. Award Plaintiff her taxable costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

g. Award nominal damages under 42 U.S.C. §1983 to the extent any constitutional violation is established but compensatory damages are not fully proven.

h. Award all relief available under 42 U.S.C. §1983 and Illinois law.

i. Grant such additional legal or equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,


/s/ Sharon Mitchell

**Sharon Mitchell**
Plaintiff, Pro Se

3105 Hoffman Street
Plano, IL 60545
Telephone - 443-850-5259
Email: smitchell3622@student.elgin.edu

Date: _____

EXHIBIT INDEX

Exhibit A – Plano Municipal Ordinance Citation dated October 27, 2025

Exhibit B – Administrative Hearing Decision ("Finding of Facts in Favor of Respondent; Code Not Violated")

Exhibit C – Notes from CPS Report 561 where dispatch indicates she spoke to Plaintiff.

Exhibit D - Notes from CPS Report 561 when Officer Reyes ordered the tow.

Exhibit E - Tow receipt

Exhibit F – Warning Citation dated November 16, 2025

Exhibit G - Call for Service Detail Report 338 Description of actual vehicle in violation

Exhibit H - Call For Service Detail Report CFS 338 where he went page 1

Exhibit I - Call For Service Detail Report CFS 338 Page 2

Exhibit J - Call For Service Detail Report CFS 338 Page 3